MICHAEL TOTH, APPELLANT, v. NEW JERSEY CIVIL SER-
VICE COMMISSION, AN ADMINISTRATIVE AGENCY OF
THE STATE OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 23, 1966—Decided March 7, 1966.

Before Judges CONFORD, KILKENNY and LEONARD.

*Mr. Theodore E. B. Einhorn* argued the cause for appellant (*Messrs. Stein & Einhorn,* attorneys).

*Mrs. Marilyn Loftus Schauer,* Deputy Attorney General, argued the cause for respondent (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

PER CURIAM. In view of the concession by appellant at the argument that he would be unable, if afforded a hearing, to offer any facts by way of extenuation of his conceded guilt of driving while intoxicated and driving (twice) while on the revoked list, no good purpose would be served by remanding this matter to the Civil Service Commission for a hearing. Appellant's only showing at such a hearing, he says, would be that he has become rehabilitated since he committed the offences in question. That fact, however, would not affect the operation in these circumstances of *R. S.* 11:23–2(d) which disqualifies for appointment to a

civil service position one who has been guilty of "infamous or notoriously disgraceful conduct." See *Vanderwart v. Dept. of Civil Service,* 19 *N. J.* 341 (1955). Absent any extenuating circumstances, we hold that driving a motor vehicle while on the revoked list or while intoxicated constitutes conduct within the statutory proscription.

We do not agree with appellant's argument that the statute is inapplicable unless the "disgraceful conduct" is of a nature such as to indicate unfitness to perform the duties of the particular public position involved. No such limitation is set forth in or to be implied from the statutory language. Nor do we read the *Vanderwart* case, *supra,* to hold that such a relationship must necessarily appear in order for the statute to apply.

We find it unnecessary to decide whether appellant's "undesirable discharge" from the Army bears upon the issues herein.

Affirmed.